FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

2018 JUN 29 PM 12: 26

CIVIL COMPLAINT

Alvin Xex Alvin

        Plaintiff.

V.

        Case No.: 3:18CV 825-J-39MCR

Mayor Lenny Curry,

City of Jacksonville,

Central Security,

Friends of Hemming Park,

Bill Prescott, CEO        **Jury Trial Requested**

        Defendants.

### I. Introduction/Jurisdiction

1) I am asking this Court for a decision regarding violations of my civil and legal rights to stand, speak and protest in the "public square." The space being a public park, used for many purposes over 100 years, in Jacksonville, Florida—Hemming Park. I will present a Constitutional question, evidence of arbitrary and vague rulings by the City of Jacksonville's elected, legal, and appointed officials or tax supported affiliates and contractors, to limit access. The aforementioned violations and rulings by the "City" in effect claim and posit Hemming Park (hereafter "Park") as a private entity, which it isn't, so, 28 U.S.C. Sec. 1331, a federal, and state question is involved.

### II. Statement of Facts

1) The City of Jacksonville (hereafter "City") recently enacted legal measures attempting to clean up, refurbish, and rebrand the public park Hemming Park as a safe , friendly space for all, while insisting trouble makers, the homeless and loiters were scaring, attacking, and intimidating potential or

real park patrons. However, the questionable, vague and arbitrary tactics amount to violations of established legal and civil rights under the Florida, United States Constitutions, and Supreme Court decision, Margaret Papachristou V. City of Jacksonville (1972) No. 70-3030, for example, says the City's vagrancy ordinance "void for vagueness...unfettered discretion it places in hands of Jacksonville police...," to, the City Code, Sec. 614.138 does not mention loitering, or what constitutes any specific time a person standing (i.e. loitering) in a park space is in fact a loiterer. Sec. 614.138 (c)(1)(5) *et al*, in the Code, or the Central Core Enhancement Area guidelines do not state a legal time— one minute, two minutes, five minutes, etc., standing or walking in generally permitted areas of Hemming Park, allows the Jacksonville Police or the contracted security, Central Security, to claim any Florida, American citizen or visitor is loitering, and thereby must exit the public space. Section 614.106 is similarly vague as per people temporarily inhabiting public spaces owned by Jacksonville tax payers too.

### III. Question/Argument

1) Further, Florida Statute 856.021 (1)(2) states "...unlawful for any person to loiter or prowl in a place, at a time or manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. One can hardly consider day (hours from say 7:00 AM to 6:00 PM) hours "not usual" for Hemming Park's many regular and transient visitors. And, what specific circumstances, short of a physical attack, threat to harm property or person, constitutes loitering under 856.021?

2) Section 856.021 (2) only "considers determination warranting enforcement for alleged loitering or prowling, when one attempts to conceal identity or takes flight; and, statute affords a suspect the opportunity to dispel any concern with his or her explanation...No person can be convicted under this section if the law enforcement officer does not comply with said procedure of statute." At the time of incident, February 10, 2018, about 12:15 PM, Hemming Park's contracted security company, Central Security, did not alert Jacksonville Sheriff Office, which holds police power for any violations of laws on public and private property, about any legal infractions inside the park or immediate vicinity, nor afford me an opportunity to answer any questions they posed. Again, governing rules and the law not followed, depriving my legal and civil rights. Two Central Security white male guards on duty in the Park, on the date and time mentioned, approached me about a

disturbance near the Park's Confederate Monument.

At the monument were 5-6 white males and females, talking and waving the Confederate flag, I walked near the public edifice too, one guard proceeded to admonish and force me out of the Park. He even told me I could not stand on the surrounding sidewalk as this was trespassing too. Later upon request, the City and Hemming Park management told me anyone can protest in the Park *without* a permit—I have an outstanding Open Record Act request for seemingly conflicting rulings and statements by the City because of this clear double standard.

3) The Ecker decision 311 So. 2d 110 and 111, recognized that a suspect "cannot be compelled to explain his presence and conduct without first being properly advised under Miranda." 311 So.-2d at 111 also indicates evidence of observation, for loitering and prowling, not made by police Is rejected by the Second District Court of Appeal—again conflicting with portions of 856.021(1) Fla. Stat—Mc Clamma v. State Slip op. at 9.

### IV. Rule/Legal Standard

1) I believe the Florida Constitution's Articles 1, Section 5 (right to assemble), Article 1, Section 9 (due process), Fla. Stat. 856.021(2), lastly, the Terry Stop ruling, along with prior state or federal case decisions and rulings, cited at this *initial* stage, satisfy this Court's purview.

### IV. Relief Requested

1) I believe citizens of the City, Florida, and visitors should feel, safe and comfortable when visiting public spaces long considered as such. And, imminent or real harassment, threats from anyone, including Jacksonville law enforcement personnel, contracted agents, and Park personnel must warrant punitive and exemplary damages. Psychological or physical harm determined by trained medical doctors, such as psychiatrists, can assess possible harms I experienced, including monetary damages allowed by law if case facts prevail. Along with the damages mentioned, I ask the the Court to impose an injunction upon the City and Defendants, for the current and illegal actions of demanding *some* citizens and visitors leave Hemming Park for simply standing, "loitering," in spaces only very recently considered off limits by the City, and arbitrarily enforced.

## V. CERTIFICATION

I certify that to the best of my knowledge, information, and belief, this complaint is not presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation; and is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the complaint otherwise complies with the requirements of **Rule 11**.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

DATE: 06/29/18         *[signature]*

Mr. Alvin Alvin *Pro Se*
2203 Art Museum Drive C-159
Jacksonville, Florida 32207
usb3.wav@gmail.com
904.518.9560